

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PREMIER PRODUCE COMPANY, INC., <br><br> Plaintiff, <br> vs. <br><br> MIA'S NUTRITION CENTER, INC., *et al.*, <br><br> Defendants. | CASE NO. 11-CV-2162 BEN (JMA) <br><br> **ORDER DENYING TEMPORARY RESTRAINING ORDER** <br><br> [Docket No. 3] |

On September 19, 2011, Plaintiff Premier Produce Company initiated this action against Defendants Mia's Nutrition Center, Inc., John Christian Gillette, and Lisa A. Gillette for alleged violation of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e. (Docket No. 1.) At the same time, Plaintiff filed an *Ex Parte* Application for Temporary Restraining Order to enjoin Defendants from transferring all PACA assets until Defendants pay Plaintiff $3,043.11, plus interest, attorney fees, and costs. (Docket No. 3.) For the reasons set forth below, the Court **DENIES** Plaintiff's *ex parte* application for a temporary restraining order.

The Federal Rules of Civil Procedure outline the procedures the Court must follow when deciding whether to grant a temporary restraining order ("TRO"). *See* FED. R. CIV. P. 65(b). Ordinarily before issuing a TRO, the Court must hold a hearing. In rare circumstances, a TRO may issue without notice to the adverse party. *Id.* Given the strong policy in favor of providing notice to the nonmoving party, a TRO may issue without notice only if:

(A) specific facts in an affidavit or a verified complaint clearly show that

>immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

*Id.*

In this case, Plaintiff submits a declaration, stating that "[u]nless the assets of Defendants are frozen, it is likely that the trust assets will continue to be dissipated." (Zaidi Decl. ¶ 15.) Plaintiff fails to present specific facts showing that the trust assets will be dissipated immediately, before Defendants may be heard in opposition. In addition, Plaintiff's attorney has not certified in writing that any effort was made to give notice, or why notice should not be required. In light of the above, the Court finds that Plaintiff fails to satisfy the requirements for a TRO on an *ex parte* basis. Accordingly, Plaintiff's TRO Application is **DENIED**.

In addition, Plaintiff's TRO Application includes a request for an order to show cause why a preliminary injunction should not issue. Plaintiff is granted leave to file a motion for preliminary injunction.

**IT IS SO ORDERED.**

DATED: September 20, 2011

HON. ROGER T. BENITEZ
United States District Court Judge