UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PREMIER PRODUCE COMPANY, INC.,<br><br>                                                  Plaintiff,<br>   vs.<br><br>MIA'S NUTRITION CENTER, INC., *et al.*,<br><br>                                                  Defendants. | CASE NO. 11-CV-2162 BEN (JMA)<br><br>**ORDER GRANTING EX PARTE APPLICATION TO AMEND TEMPORARY RESTRAINING ORDER**<br><br>[Docket No. 7] |

     On September 19, 2011, Plaintiff Premier Produce Company initiated this action against Defendants Mia's Nutrition Centers, Inc., John Christian Gillette, and Lisa A. Gillette for alleged violation of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e. (Docket No. 1.) At the same time, Plaintiff filed an *Ex Parte* Application for Temporary Restraining Order to enjoin Defendants from transferring all PACA assets until Defendants pay Plaintiff $3,043.11, plus interest, attorney fees, and costs. (Docket No. 3.) The Court denied Plaintiff's *ex parte* application for a temporary restraining order because (1) Plaintiff failed to present specific facts showing that the trust assets will be dissipated immediately, before Defendants may be heard in opposition, and (2) Plaintiff's attorney did not certify in writing that any effort was made to give notice, or why notice should not be required. (Docket No. 4.) On September 20, 2011, Plaintiff filed a second *Ex Parte* Application for Temporary Restraining Order. (Docket No. 5.) This second *Ex Parte* Application was granted on September 21, 2011, because Plaintiff corrected the deficiencies the Court noted in the first *Ex Parte* Application. (Docket No. 6.)

Presently before the Court is Plaintiff's *Ex Parte* Application to Amend the Temporary Restraining Order. (Docket No. 7.) The September 21 Order provides:

> It is hereby ordered that Defendants, their customers, agents, officers, subsidiaries, assigns, and banking institutions, shall not alienate, dissipate, pay over or assign any assets of *Mia's Nutrition Center*, or its subsidiaries or related companies, except in the ordinary course of business until further order of this Court or until Defendants pay Plaintiff the sum of $3,043.11 by cashiers' check or certified check, at which time this Order is dissolved.

(Sept. 21 Order, at 3 (emphasis added).) Plaintiff seeks to amend the September 21 Order to provide that "funds of *Defendants John Christian Gillette and Lisa A Gillette* shall, along with company funds, if any, shall be paid over to the Plaintiff until the sum of $3,043.11, plus statutory interest and attorney fees is, paid in full." (Pl. Mot. at 4 (emphasis added).) Plaintiff argues that "[a]s the 2 sole shareholders and corporate officers of the companies and as the persons responsible for the day-to-day operations of Mia Nutrition Centers, Defendants John Christian Gillette and Lisa A. Gillette were in a position of control over the PACA trust assets belonging to the Plaintiff and are therefore personally liable for the debt owed to the Plaintiff by their companies." (Pl. Mot. at 2.) Plaintiff also submits evidence that John Christian Gillette and Lisa A. Gillette are the two sole officers of Mia's Nutrition Centers. (Pl. Mot., Exh. C.)

Plaintiff's Motion is **GRANTED**. *See Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997) ("[I]ndividual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under the Act."). Page 3, lines 2 to 6, of the September 21 Order is amended as follows:

> It is hereby ordered that Defendants, their customers, agents, officers, subsidiaries, assigns, and banking institutions, shall not alienate, dissipate, pay over or assign any assets of Mia's Nutrition Center, or its subsidiaries or related companies, except in the ordinary course of business, or of John Christian Gillette or Lisa A. Gillette, until further order of this Court or until Defendants pay Plaintiff the sum of $ 3,043.11 by cashiers' check or certified check, at which time this Order is dissolved.[1]

---

[1] In a proposed order, Plaintiff made additional changes to the language found in the September 21 Order. Plaintiff, however, has not supported these changes with any evidence or legal authority. Accordingly, these changes have not been incorporated in the amended language.

All other provisions contained in the September 21 Order shall remain in full force and effect. Further amendments to the September 21 Order will not be made prior to the September 28, 2011 hearing without good cause.

**IT IS SO ORDERED.**

DATED: September 22, 2011

Hon. Roger T. Benitez
United States District Judge