

1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| PREMIER PRODUCE COMPANY, INC., | CASE NO. 11-CV-2162 BEN (JMA) |
| Plaintiff, | **ORDER:** |
| vs. | **(1) DENYING MOTION FOR RECONSIDERATION** |
| MIA'S NUTRITION CENTER, INC., *et al.*, | **(2) SETTING HEARING FOR PRELIMINARY INJUNCTION** |
| Defendants. | [Docket No. 11] |

12

13

14

15

16

17

18       On September 19, 2011, Plaintiff Premier Produce Company initiated this action against

19   Defendants Mia's Nutrition Centers, Inc., John Christian Gillette, and Lisa A. Gillette for alleged

20   violation of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e. (Docket No.

21   1.)  At the same time, Plaintiff filed an *Ex Parte* Application for Temporary Restraining Order to

22   enjoin Defendants from transferring all PACA assets until Defendants pay Plaintiff $3,043.11, plus

23   interest, attorney fees, and costs.  (Docket No. 3.)  The Court denied Plaintiff's *ex parte* application

24   for a temporary restraining order because (1) Plaintiff failed to present specific facts showing that the

25   trust assets will be dissipated immediately, before Defendants may be heard in opposition, and (2)

26   Plaintiff's attorney did not certify in writing that any effort was made to give notice, or why notice

27   should not be required.  (Docket No. 4.)  On September 20, 2011, Plaintiff filed a second *Ex Parte*

28   Application for Temporary Restraining Order.  (Docket No. 5.)  This second *Ex Parte* Application

11cv2162

1  was granted on September 21, 2011, because Plaintiff corrected the deficiencies the Court noted in the

2  first *Ex Parte* Application. (Docket No. 6.)  A hearing on Plaintiff's application for preliminary

3  injunction was set for September 28, 2011, at 3:30 p.m.  In addition, Plaintiff was required to post a

4  cash or corporate surety bond with the Clerk of the Southern District of California no later than

5  4:30 p.m. on September 23, 2011, in the sum of $1,500, and to serve Defendants with a copy of the

6  order by September 23, 2011, at 5:00 p.m.  On September 22, 2011, Plaintiff filed an *Ex Parte*

7  Application to Amend Temporary Restraining Order, which the Court granted the same day. (Docket

8  Nos. 7, 8.)  On September 23, 2011, Plaintiff filed a Motion for Preliminary Injunction. (Docket No.

9  9.)  On September 28, 2011, because Plaintiff failed to post bond as required by the September 21

10  Order, the Court vacated the hearing on the motion for preliminary injunction, denied the motion for

11  preliminary injunction, and dissolved the temporary restraining order. (Docket No. 10.)

12      Presently before the Court is Plaintiff's Motion for Reconsideration of the September 28 Order.

13  (Docket No. 11.) Plaintiff seeks another temporary restraining order.  First, Plaintiff argues that it did

14  not post bond because "Plaintiff discovered that the fees required to be paid to the bond company in

15  exchange for producing the bond were prohibitive given the relatively small amount of the total

16  damages Plaintiff is seeking in this case." (Pl. Mot. at 2.)  Plaintiff requests that "Plaintiff be allowed

17  to simply post the Fifteen Hundred Dollars $1,500 directly with the Court, rather than purchase a bond

18  and pay exorbitant fees to the bond company, or in the alternative, that the bond be waived." (*Id.*)

19      Second, Plaintiff argues that his attempts to serve Defendants have not yet been successful.

20  Although the September 21 Order required that the Defendants be served by September 23, 2011,

21  Plaintiff indicates in the present motion that the Defendants have in fact not yet been served.

22      Third, Plaintiff requests that the September 21 Order granting the temporary restraining order

23  be amended a second time.  Plaintiff argues that the language "except in the ordinary course of

24  business" should be stricken because that language "renders the TRO unintelligible and unenforceable

25  by third parties, especially banks, as any bank which acts as custodian for funds belonging to

26  Defendants would not be able to distinguish which funds are 'in the ordinary course of business' and

27  which are not.  Further, Plaintiff believes that the intent of PACA was to impose a statutory trust on

28  the statutory trustee, the Defendants, against all funds in the control or possession of the Defendants

and not to distinguish between funds held in the ordinary course of business and other funds." (*Id.*)

1    Although Plaintiff's proposed order dated September 22, 2011 did not contain the language "in the

2    ordinary course of business," Plaintiff did not raise this argument in his *Ex Parte* Application to

3    Amend Temporary Restraining Order.

4        The Motion for Reconsideration is **DENIED**. *See Religious Tech. Ctr. v. Scott*, 869 F.2d 1306,

5    1311 (9th Cir. 1989) (Hall, J., dissenting) ("As a result of the [plaintiff's] actions in pursuing two

6    successive applications for injunctive relief . . . there is no question but that the courts as well as the

7    defendants have been needlessly burdened. The integrity of the judicial process would be seriously

8    undermined if every litigant could compel the courts to hear and decide repetitive requests for the

9    identical relief."). Plaintiff may re-file the motion for preliminary injunction, which is set for hearing

10   on November 7, 2011, at 10:30 a.m. Plaintiff shall serve Defendants with a copy of the motion for

11   preliminary injunction—if it chooses to re-file the motion—by October 7, 2011, at 5:00 p.m. and

12   immediately file a proof of service with the Court. If Plaintiff chooses to not re-file the motion for

13   preliminary injunction, the hearing will be vacated.

14

15       **IT IS SO ORDERED.**

16   DATED: September 29, 2011

17                                                    HON. ROGER T. BENITEZ
                                                      United States District Court Judge
18

19

20

21

22

23

24

25

26

27

28

11cv2162