

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PREMIER PRODUCE COMPANY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MIA'S NUTRITION CENTER, INC., *et al.*, <br><br> Defendants. | CASE NO. 11-CV-2162 BEN (JMA) <br><br> **ORDER:** <br><br> **(1) DENYING MOTION FOR RECONSIDERATION** <br><br> **(2) SETTING HEARING FOR PRELIMINARY INJUNCTION** <br><br> [Docket No. 11] |

On September 19, 2011, Plaintiff Premier Produce Company initiated this action against Defendants Mia's Nutrition Centers, Inc., John Christian Gillette, and Lisa A. Gillette for alleged violation of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e. (Docket No. 1.) At the same time, Plaintiff filed an *Ex Parte* Application for Temporary Restraining Order to enjoin Defendants from transferring all PACA assets until Defendants pay Plaintiff $3,043.11, plus interest, attorney fees, and costs. (Docket No. 3.) The Court denied Plaintiff's *ex parte* application for a temporary restraining order because (1) Plaintiff failed to present specific facts showing that the trust assets will be dissipated immediately, before Defendants may be heard in opposition, and (2) Plaintiff's attorney did not certify in writing that any effort was made to give notice, or why notice should not be required. (Docket No. 4.) On September 20, 2011, Plaintiff filed a second *Ex Parte* Application for Temporary Restraining Order. (Docket No. 5.) This second *Ex Parte* Application

1  was granted on September 21, 2011, because Plaintiff corrected the deficiencies the Court noted in the
2  first *Ex Parte* Application. (Docket No. 6.) A hearing on Plaintiff's application for preliminary
3  injunction was set for September 28, 2011, at 3:30 p.m. In addition, Plaintiff was required to post a
4  cash or corporate surety bond with the Clerk of the Southern District of California no later than
5  4:30 p.m. on September 23, 2011, in the sum of $1,500, and to serve Defendants with a copy of the
6  order by September 23, 2011, at 5:00 p.m. On September 22, 2011, Plaintiff filed an *Ex Parte*
7  Application to Amend Temporary Restraining Order, which the Court granted the same day. (Docket
8  Nos. 7, 8.) On September 23, 2011, Plaintiff filed a Motion for Preliminary Injunction. (Docket No.
9  9.) On September 28, 2011, because Plaintiff failed to post bond as required by the September 21
10 Order, the Court vacated the hearing on the motion for preliminary injunction, denied the motion for
11 preliminary injunction, and dissolved the temporary restraining order. (Docket No. 10.)

12     Presently before the Court is Plaintiff's Motion for Reconsideration of the September 28 Order.
13 (Docket No. 11.) Plaintiff seeks another temporary restraining order. First, Plaintiff argues that it did
14 not post bond because "Plaintiff discovered that the fees required to be paid to the bond company in
15 exchange for producing the bond were prohibitive given the relatively small amount of the total
16 damages Plaintiff is seeking in this case." (Pl. Mot. at 2.) Plaintiff requests that "Plaintiff be allowed
17 to simply post the Fifteen Hundred Dollars $1,500 directly with the Court, rather than purchase a bond
18 and pay exorbitant fees to the bond company, or in the alternative, that the bond be waived." (*Id.*)

19     Second, Plaintiff argues that his attempts to serve Defendants have not yet been successful.
20 Although the September 21 Order required that the Defendants be served by September 23, 2011,
21 Plaintiff indicates in the present motion that the Defendants have in fact not yet been served.

22     Third, Plaintiff requests that the September 21 Order granting the temporary restraining order
23 be amended a second time. Plaintiff argues that the language "except in the ordinary course of
24 business" should be stricken because that language "renders the TRO unintelligible and unenforceable
25 by third parties, especially banks, as any bank which acts as custodian for funds belonging to
26 Defendants would not be able to distinguish which funds are 'in the ordinary course of business' and
27 which are not. Further, Plaintiff believes that the intent of PACA was to impose a statutory trust on
28 the statutory trustee, the Defendants, against all funds in the control or possession of the Defendants
   and not to distinguish between funds held in the ordinary course of business and other funds." (*Id.*)

Although Plaintiff's proposed order dated September 22, 2011 did not contain the language "in the ordinary course of business," Plaintiff did not raise this argument in his *Ex Parte* Application to Amend Temporary Restraining Order.

The Motion for Reconsideration is **DENIED**. *See Religious Tech. Ctr. v. Scott*, 869 F.2d 1306, 1311 (9th Cir. 1989) (Hall, J., dissenting) ("As a result of the [plaintiff's] actions in pursuing two successive applications for injunctive relief . . . there is no question but that the courts as well as the defendants have been needlessly burdened. The integrity of the judicial process would be seriously undermined if every litigant could compel the courts to hear and decide repetitive requests for the identical relief."). Plaintiff may re-file the motion for preliminary injunction, which is set for hearing on November 7, 2011, at 10:30 a.m. Plaintiff shall serve Defendants with a copy of the motion for preliminary injunction—if it chooses to re-file the motion—by October 7, 2011, at 5:00 p.m. and immediately file a proof of service with the Court. If Plaintiff chooses to not re-file the motion for preliminary injunction, the hearing will be vacated.

**IT IS SO ORDERED.**

DATED: September 29, 2011

HON. ROGER T. BENITEZ
United States District Court Judge